# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Monica Voss, § | | |
| *Plaintiff*, § | | |
| § | | |
| vs. § | Civil Action No. 4:17-cv-1408 | |
| § | | |
| § | JURY TRIAL DEMANDED | |
| § | | |
| Fort Bend County, Texas; and § | | |
| Gregory G. Goode, Individually, § | | |
| *Defendants* § | | |

## DEFENDANT FORT BEND COUNTY'S
## FIRST AMENDED MOTION TO DISMISS ALL CLAIMS,
## INCLUDING STATE LAW CLAIMS ASSERTED BY AMENDMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

DEFENDANT, FORT BEND COUNTY, TEXAS, ("Fort Bend County") in response to the allegations set forth in *Plaintiff's First Amended Original Complaint* (Doc. 7), files this, its *First Amended Motion to Dismiss* all of Plaintiff's claims asserted against it, including all newly added state law claims first asserted and brought by way of such amended pleading against it and co-defendant Deputy Goode, and in support thereof would respectfully show the Court the following:

# I.
# PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RELIEF

1.1   Defendant Fort Bend County moves for dismissal under *Fed. R. Civ. P.* 12(b)(6) due to Plaintiff's failure to state a claim upon which relief may be granted.

1.2   Plaintiff has not alleged facts which can support any claim for relief that is plausible on its face.

1.3   Defendant Fort Bend County states that Plaintiff has not sufficiently alleged or supported her claim that Defendant Officer Goode engaged in any unconstitutional acts or that he is not entitled to qualified immunity for his actions and/or inactions made the basis of suit.

1.4   Plaintiff has failed to allege facts which show that Defendant Fort Bend County committed a constitutional violation against Plaintiff and thus cannot support any claim for relief that is plausible on its face.

1.5   Moreover, Defendant Fort Bend County may not be held strictly liable for any allegedly unconstitutional acts of its non-policymaking employees solely because Defendant Fort Bend County employed those persons.

1.6   Plaintiff has not alleged facts which demonstrate an official "policy or custom" of Defendant Fort Bend County which has given rise to any alleged

constitutional violation against Plaintiff, and thus has not alleged facts which can support any claim for relief that is plausible on its face.

1.7   Plaintiff has made bald, unsupported allegations that Fort Bend County has a "pattern or practice" giving rise to alleged constitutional violations against Plaintiff, and thus has not alleged facts which can support any claim for relief that is plausible on its face.

1.8   Plaintiff seeks to bring non-cognizable state law claims against Defendant Fort Bend County under state law.  See: *First Amended Original Complaint* Doc. 7 ¶¶ 1, 30, 32, 33, 34, 35, and 36, citing: 28 U.S.C. § 1367 (supplemental jurisdiction) and Texas state law ("false imprisonment "). Plaintiff has not alleged facts which can support any claim for relief under state law that is plausible on its face, or defeat Defendant's immunity from suit, and Defendant Fort Bend County moves for dismissal under *Fed. R. Civ. P.* 12(b)(6) due to such failures.

1.9   Defendant Fort Bend County also seeks mandatory dismissal of all state law claims made against Defendant's employee, co-defendant Deputy Goode, with regard to any claims made against Deputy Goode for any actions taken in the course and scope of his employment with Defendant Fort Bend County under

the provisions of Chapter 101 of the *Texas Civil Practice & Remedies Code*, also known as the *Texas Tort Claims Act*.

## II.
## MOTION TO DISMISS STANDARD

2.1 "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2.2 "Determining whether a complaint states a plausible claim for relief will ...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting *Fed. R. Civ. P.* 8(a)(2)) (internal citation omitted).

2.3 Although the federal pleading requirements are reasonably low, they are real and the threshold for stating a claim for relief requires factual allegations regarding each material element necessary to sustain recovery under an actionable legal theory. *Dartmouth Review v. Dartmouth College*, 889 F.2d

13, 16 (5th Cir. 1989). "Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Id*. A court is not required to accept mere legal conclusions as true, instead, a complaint "must be supported by factual allegations." *Id*.

## III.
## ARGUMENT AND AUTHORITIES

**A.   A County Cannot be Held Vicariously Liable Under *Respondeat Superior***

3.1   Defendant Fort Bend County cannot be held vicariously liable for the alleged deprivation of a person's constitutional rights by the actions of its employees or agents, (such as Defendant Deputy Goode), whether under the doctrine of *respondeat superior* or otherwise.

3.2   A local governmental unit, such as Defendant Fort Bend County, may be sued and subjected to monetary damage claims under 42 U.S.C. § 1983 only if it has an official policy or custom which causes a person to be deprived of a federally-protected right. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).

3.3   An official policy or custom of a city or county is defined as:

    A.   A policy, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's law making officials or by an official to whom the law makers have delegated policy-making authority; or

    B.    A persistent, wide-spread practice of city or county officials or employees which, although not authorized by officially adopted and promulgated policies, is so established and well-settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom the body has delegated policy-making authority.[1]

3.4    A county may not be held strictly liable for the acts of its non-policymaking employees solely because it employed them. Rather, liability under 42 U.S.C. § 1983 can only result if there is a county policy or custom which deprives an individual of constitutional or federal rights.

3.5    The description of a policy or custom and its relationship to any alleged underlying constitutional violation cannot be conclusory; instead, it must contain specific facts. *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); *Fraire v. Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).

3.6    Plaintiff fails to plead or allege any official policy or custom of Fort Bend County which has caused anyone to be subjected to deprivation of any rights secured by the federal Constitution or laws, and Plaintiff fails to identify the substance of any such policy. Alternatively, to any extent Plaintiff has alleged any official policy or custom of Fort Bend County, the same is vague,

---

[1] *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984).

    conclusory, clearly erroneous, and/or otherwise fails to state a claim under 42 U.S.C. § 1983.

3.7    Without any express <u>policy</u> of Fort Bend County that is alleged to be a moving force behind any constitutional violation, Plaintiff baldly claims that the Fort Bend County's training, discipline and retention of Deputy Gregory Goode was "deliberately indifferent" to the risk that Plaintiff would suffer "unlawful detention" and "false arrest." [Doc. 7, ¶¶ 34-36].

3.8    Plaintiff bases her pleadings in this regard on inadmissible, irrelevant, and scandalous matters of dubious value allegedly occurring some 19 years ago (including criminal charges *dismissed* against Deputy Goode), and one more recent allegation of his involvement in an allegedly improper repossession of a motor boat securing a personal loan.  Plaintiff's pleadings are supported by nothing but rank hearsay, and even Plaintiff admits that Deputy Goode was "no-billed" with respect to those allegations by a Chambers County grand jury."  [Doc. 7, ¶¶ 8-10].  Not only are these allegations immaterial, scandalous, and presumptively improper under *Fed. R. Civ. P.* 12 (f), they are probative of nothing with respect to any pattern, policy or practice of Fort Bend County, and should be stricken from the record.

3.9   Plaintiff similarly makes bald, unsupported allegation that Fort Bend County has a "pattern or practice" of arresting individuals for failure to identify and "other crimes" without probable cause or reasonable suspicion. The U.S. Supreme Court has rejected this type of approach to liability. Indeed, it has been held to be reversible error to instruct a jury to infer a municipal "policy" of failing to properly train, supervise, review and discipline its officers from a single unconstitutional incident. These types of "policy" allegations which Plaintiff hints have causally resulted in an alleged constitutional violation against her "are not susceptible to ... easy proof." See: *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820-24 (1985).

**B.   Fort Bend County is Entitled to Governmental/Sovereign Immunity**

3.10  Plaintiff filed this lawsuit against Defendant, Fort Bend County, which is a local governmental unit of the State of Texas. Fort Bend County enjoys sovereign immunity from suit, requiring dismissal of Plaintiff's state law claims.

3.11  The doctrine of "sovereign immunity" (sometimes referred to as "governmental immunity") ensures that a governmental unit of the state (such as Fort Bend County) cannot be sued without the state's permission. *Liberty Mutual Ins. Co. v. Sharp*, 874 S.W.2d 736, 738 (Tex. App. –Austin 1994, writ denied). Any

party claiming that a governmental unit has consented to be sued has the burden of pleading and proving that sovereign immunity from suit has been waived. *Id.* at 739.

3.12 A County is a governmental unit protected by the doctrine of sovereign immunity. *Travis County v. Pelzel & Associates, Inc.*, 77 S.W.3d 246 (Tex. 2002).

3.13 Sovereign immunity includes two distinct principles protecting governmental entities against suits for money damages: (1) immunity from liability and (2) immunity from suit. *Federal Sign v. Texas Southern University*, 951 S.W.2d 401, 405 (Tex. 1997), *superseded by statute on other grounds*. Sovereign immunity bars any suit for damages against Texas, or its political subdivisions, unless the Texas Legislature expressly gives its consent. *Id.*

3.14 Even if liability is undisputed, immunity from suit deprives a trial court of subject-matter jurisdiction. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

3.15 Under the *Texas Civil Practice & Remedies Code*, Chapter 101, also known as the *Texas Tort Claims Act*, sovereign immunity has been waived and abolished, but only to the extent of liability created by the *Texas Tort Claims Act*.

3.16  The *Texas Tort Claims Act (Texas Civil Practice & Remedies Code* §§ 101.021 and 101.025) briefly summarized, provides essentially that a governmental unit may only be held liable for certain property damages, personal injuries or deaths proximately:

    1)    arising from the operation or use of a motor-driven vehicle or motor driven equipment;  or,

    2)    caused by a condition or use of tangible personal or real property.

3.17  Moreover, the *Texas Tort Claims Act* <u>specifically excludes</u> claims based on an injury or death arising out of assault, battery, false imprisonment, or any other intentional tort. *Texas Civil Practice & Remedies Code* § 101.057.

3.18  The allegations contained in the *Plaintiff's First Amended Original Complaint* (Doc. 7) come within the express exclusions from and exceptions to liability as set forth in the *Tort Claims Act*, i.e. <u>false imprisonment</u> and any other intentional tort, to the extent asserted.

3.19  Specifically, the Plaintiff asserts Texas state law claims against both Defendants for <u>false imprisonment</u>, <u>false arrest</u>, <u>unlawful detention</u>, and similar and/or related intentional torts, and she seeks actual and punitive damages for her alleged pain, suffering, and mental anguish (Doc. 7, ¶¶ 27, 37 and 38).

3.20 Specifically, at various times, the Plaintiff alleges that the County's involved Deputy (Defendant Goode) and the County:

> "detained Plaintiff and arrested her without probable cause or reasonable suspicion." (Doc. 7, ¶¶ 30 and 32);
>
> "willfully detain[ed] Plaintiff without [her] consent and without authority of law." (Doc. 7, ¶¶ 33 and 34); and
>
> "caus[ed] Plaintiff to suffer unlawful detention and false arrest...for failure to identify and/or other crimes without probable cause or reasonable suspicion." (Doc. 7, ¶¶ 34 and 36).

3.21 These matters do not fall within the waiver of sovereign immunity provided for in the *Texas Tort Claims Act*, and are indeed expressly excluded. As such, Fort Bend County is <u>immune</u> from Plaintiff's state law claims under the doctrine of sovereign/governmental immunity, and Plaintiff cannot support any state law claims for relief against Defendant Fort Bend County that would be facially plausible. Accordingly, the Plaintiff's state law claims against Defendant Fort Bend County should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**C.** **Defendant Fort Bend County Also Seeks Mandatory Dismissal of Defendant's Employee, Co-Defendant Deputy Goode, Under Chapter 101 of the *Texas Civil Practice & Remedies Code***

3.22 Again, Plaintiff has sued Defendant Deputy Goode, a Fort Bend County Sheriff's Deputy, for exercising his discretionary law enforcement duties on

behalf of Defendant Fort Bend County, Texas, while in the course and scope of his employment with the Fort Bend County Sheriff's Office.  Under the law in Texas, any suit against a Deputy Sheriff of Fort Bend County for actions taken in his official capacity is no different from a suit filed against Defendant Fort Bend County, Texas.  This suit against Deputy Goode is in sum and substance a suit against the governmental unit for which Deputy Goode is an agent.  *Liberty Mutual Ins. Co. v. Sharp*, 874 S.W.2d 736, 738 (Tex. App. – Austin 1994, writ denied).  In this case, the Plaintiff has sued Defendant Deputy Goode individually, but she also asserts Texas state law claims against *both Defendants* for Deputy Goode's alleged conduct which she claims constitutes <u>false imprisonment</u>, <u>false arrest</u>, <u>unlawful detention</u>, or similar and/or related intentional torts. (Doc. 7, ¶¶ 27, 34 and 36).

3.23   Although Section 101.057 of the *Texas Tort Claims Act* <u>specifically excludes</u> claims based on an injury or death arising out of assault, battery, false imprisonment, or any other intentional tort, Section 101.106(e) of the *Texas Tort Claims Act* <u>further</u> provides that:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

3.24 Accordingly, Defendant Fort Bend County, Texas hereby moves the Court that its employee, Defendant Deputy Goode, be immediately dismissed from this suit with regard to any claims made against Defendant Deputy Goode and Defendant Fort Bend County which are asserted under the laws of the State of Texas for Defendant Deputy Goode's actions as an agent for Defendant Fort Bend County while acting in the course and scope of his employment. *Tex. Civ. Prac. & Rem. Code* § 101.106(e).

## IV.
## DEFENDANT'S JURY DEMAND

4.1 Defendant Fort Bend County, by and through its undersigned counsel, hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, PREMISES CONSIDERED, Defendant Fort Bend County respectfully prays that any and all relief sought in *Plaintiff's First Amended Original Complaint* against it be in all respects denied, that Plaintiff's suit against this Defendant and Defendant Deputy Goode be dismissed with prejudice to the re-filing of same, with all costs to be assessed against Plaintiff, and for all such other and further relief to which this Defendant may be justly entitled.

Respectfully submitted,

/Sal P. LoPiccolo, II
SALVATORE P. LOPICCOLO, II
Assistant Fort Bend County Attorney
SBN: 12571000
Federal ID No. 9959
301 Jackson Street (Mail)
401 Jackson Street (Office)
Richmond, Texas 77469
(281) 341-4555
(281) 341-4557 Facsimile
Sal.LoPiccolo@fortbendcountytx.gov
ATTORNEY-IN-CHARGE FOR DEFENDANT
FORT BEND COUNTY, TEXAS

OF COUNSEL:

RANDALL W. MORSE
Assistant Fort Bend County Attorney
SBN: 14549700
Federal ID No. 6751
301 Jackson Street (Mail)
401 Jackson Street (Office)
Richmond, Texas 77469
(281) 341-4555
(281) 341-4557 Facsimile
Randy.Morse@fortbendcountytx.gov

Respectfully submitted,

/Sal P. LoPiccolo, II
SALVATORE P. LOPICCOLO, II
Assistant Fort Bend County Attorney
SBN: 12571000
Federal ID No. 9959
301 Jackson Street (Mail)
401 Jackson Street (Office)
Richmond, Texas 77469
(281) 341-4555
(281) 341-4557 Facsimile
Sal.LoPiccolo@fortbendcountytx.gov
ATTORNEY-IN-CHARGE FOR DEFENDANT
FORT BEND COUNTY, TEXAS

OF COUNSEL:

RANDALL W. MORSE
Assistant Fort Bend County Attorney
SBN: 14549700
Federal ID No. 6751
301 Jackson Street (Mail)
401 Jackson Street (Office)
Richmond, Texas 77469
(281) 341-4555
(281) 341-4557 Facsimile
Randy.Morse@fortbendcountytx.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above instrument is being served on all known counsel of record, or parties appearing pro se, in one of the manners as is authorized by the Federal Rules of Civil Procedure on August 25, 2017.

                                            s/Sal P. LoPiccolo, II/
                                            SALVATORE P. LOPICCOLO, II