United States District Court
Southern District of Texas

**ENTERED**

January 31, 2018

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONICA VOSS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1408 |
| | § | |
| GREGORY G. GOODE and | § | |
| FORT BEND COUNTY, TEXAS, | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM AND RECOMMENDATION**</u>

Pending before the court[1] are Defendant Fort Bend County's ("Fort Bend") Amended Motion to Dismiss (Doc. 11) and Defendant Gregory G. Goode's ("Goode") Amended Motion to Dismiss (Doc. 12). The court has considered the motions, Plaintiff's response to Defendant Goode's motion, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant Fort Bend's motion be **GRANTED** and Defendant Goode's motion be **GRANTED IN PART AND DENIED IN PART**.

## I. Case Background

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that Defendant violated her constitutional rights when he arrested her for failure to identify

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. <u>See</u> Doc. 10, Ord. Dated Aug. 25, 2017.

during a welfare check on her daughter K.V.[2]

## A.   **Factual Background**[3]

On June 19, 2016, Defendant Goode, who was a deputy with the Fort Bend County Sheriff's Office ("FBCSO"), and another FBCSO deputy went to Plaintiff's home around midnight and knocked on her door.  When Plaintiff answered, one of the deputies asked if she was Monica, to which Plaintiff replied affirmatively.  Defendant Goode explained that they were responding to a request by the Texas Child Protective Services to perform a welfare check on K.V., who allegedly was threatening to commit suicide.

Plaintiff called K.V. to come out of her room.  When K.V. joined Plaintiff and the deputies, K.V. answered Defendant Goode's questions whether she was depressed and whether she was planning to harm herself, denying both.  Plaintiff suggested that Defendant Goode interview K.V. outside the house while Plaintiff waited inside, and he did so.  After a period of twenty or thirty minutes, Plaintiff approached K.V. and the deputies and stated that she was willing to provide mental help for K.V., if necessary.  Plaintiff instructed K.V. to get into Plaintiff's car, but Defendant Goode would not allow K.V. to go with Plaintiff.  Instead, he asked if he

---

[2]     See Doc. 1, Pl.'s Orig. Compl.  Plaintiff variously refers to her daughter as "E.V." and "K.V." throughout the complaint.  See id.  In Defendant Goode's motion to dismiss, he drew attention to this error and represented that the correct initials for the daughter were "K.V."  See Doc. 12, Def. Goode's Am. Mot. to Dismiss p. 9 n.2.

[3]     This account is taken entirely from Plaintiff's First Amended Complaint.  See Doc. 7, Pl.'s 1st Am. Compl.

could take K.V. to a friend's house for the night.  Plaintiff did
not consent.

Plaintiff then went into her house for a few minutes.  When
she returned outside, Defendant Goode would not allow her to speak
with K.V., who was in the backseat of the patrol car.  Defendant
Goode then asked for Plaintiff's physical identification, which she
said was in her house.  At that time, Plaintiff indicated that she
would not answer any more questions without an attorney present.
Defendant Goode arrested Plaintiff for failure to identify herself
to a police officer, handcuffed her, and put her in the backseat of
the patrol car.

Approximately fifteen or twenty minutes later, Plaintiff
requested that she be removed from the vehicle because she felt
nauseous.  One of the deputies allowed her to sit outside of the
vehicle on the ground and, upon Plaintiff's complaint of pain,
moved the handcuffs from behind her back to the front.  Plaintiff
then made two telephone calls, after which she asked Defendant
Goode to contact his captain.  He refused to do so and asked if
Plaintiff wanted him to "jerk that phone out of her hand."
Plaintiff explained that she was attempting to record the events,
and he responded that the events were being recorded.

Plaintiff complained to Defendant Goode that K.V. was not
receiving proper care and asked that Defendant Goode call his
supervisor.  Shortly thereafter, an FBCSO sergeant arrived at the

scene.   He addressed Plaintiff, stating that the encounter was "just a big misunderstanding that had gotten out of hand."   A deputy removed the handcuffs from Plaintiff, and the sergeant said that a mental-health professional would arrive to interview K.V. After the sergeant and the mental-health professional interviewed K.V., she also was released.

**B.   Procedural Background**

Plaintiff filed this complaint on May 6, 2017, alleging violations of the Fourth and Fourteenth Amendments to the U.S. Constitution against Defendant Goode and imputed liability against Defendant Fort Bend.[4]   Plaintiff's constitutional claims were based on the alleged detention and arrest without probable cause or reasonable suspicion.[5]   She made specific reference to the Fourth Amendment's protection against unreasonable searches and seizures and the Fourteenth Amendment's protection against the deprivation of liberty without due process of law.[6]   To support imputed liability, Plaintiff alleged that: (1) Defendant Fort Bend failed to adequately train Defendant Goode; (2) that Defendant Fort Bend failed to adequately discipline him for a 1996 charge of burglary, a 1997 charge of driving while intoxicated, and a 2015 charge of abuse of authority; and (3) that FBCSO engaged in "a pattern and

---

[4]   See Doc. 1, Pl.'s Orig. Compl. pp. 7-8.

[5]   See id. p. 7.

[6]   See id.

4

practice of arresting individuals for failure to identify and other crimes without probable cause or reasonable suspicion."[7]

On July 26, 2017, Defendants Goode and Fort Bend separately filed motions to dismiss.[8] Twenty days later, Plaintiff filed an amended complaint.[9] The only change in the allegations was the addition of a state-law claim for false imprisonment against Defendant Goode.[10] Within two weeks, Defendants Goode and Fort Bend separately filed the pending amended motions to dismiss, thereby supplanting their original motions.[11] On December 14, 2017, Plaintiff belatedly filed a response to Defendant Goode's motion.[12] Plaintiff did not file a response to Defendant Fort Bend's motion.

To be clear, Plaintiff never pled claims on behalf of K.V. or related to K.V.'s arrest; Plaintiff raised no claim of excessive force and pled no injury resulting from the use of excessive force; and Plaintiff did not assert the false-imprisonment claim against Defendant Fort Bend.

## II.  Dismissal Standard

---

[7]     Id. p. 8.

[8]     See Doc. 4, Def. Fort Bend's Mot. to Dismiss; Doc. 5, Def. Goode's Mot. to Dismiss.

[9]     See Doc. 7, Pl.'s 1st Am. Compl.

[10]    See id. p. 8.

[11]    See Doc. 11, Def. Fort Bend's Am. Mot. to Dismiss; Doc. 12, Def. Goode's Am. Mot. to Dismiss. The court recommends that the original motions to dismiss be **DENIED AS MOOT**.

[12]    Doc. 15, Pl.'s Resp. to Def. Goode's Mot. to Dismiss.

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

### III. Analysis

Both defendants filed amended motions to dismiss Plaintiff's First Amended Complaint.  The court first considers Defendant Fort Bend's amended motion.

**A.**   **Defendant Fort Bend's Amended Motion to Dismiss**

Defendant Fort Bend argues that it cannot be held liable on the theory of respondeat superior for Defendant Goode's allegedly unconstitutional behavior and Plaintiff failed to adequately plead an official policy or custom that was the moving force behind the alleged constitutional violation.   Defendant Fort Bend also contends that the state-law claim of false imprisonment should also be dismissed against it because it is entitled to sovereign immunity.[13]   Plaintiff did not allege false imprisonment against Defendant Fort Bend.   The only claim asserted against Defendant Fort Bend was liability for Defendant Goode's allegedly unconstitutional arrest based on a county policy or custom.

Local Rule 7.4 directs the court to take Plaintiff's failure to respond to Defendant Fort Bend's motion as "a representation of no opposition."   However, even if a party fails to oppose a dispositive motion, the court should not grant the motion without carefully considering the movant's arguments.   See Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985).

A county may be held liable under Section 1983 only for its own illegal acts, not pursuant to a theory of vicarious liability.

---

[13]   Defendant Fort Bend argues that the state-law claim should also be dismissed against Defendant Goode pursuant to Texas Civil Practice and Remedy Code § 101.106(e).   However, that provision only applies when both the governmental unit and the employee have been sued under the Texas Tort Claims Act.

<u>Connick v. Thompson</u>, 563 U.S. 51, 60 (2011). To succeed on a claim under Section 1983, the plaintiff must demonstrate that an official policy promulgated by the county policymaker was the moving force behind the alleged constitutional violation. <u>Peña v. City of Rio Grande City</u>, ___ F.3d ___, 2018 WL 386661, at *5 (5th Cir. 2018). "To proceed beyond the pleading stage, a complaint's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." <u>Id.</u> (internal quotation marks & alterations omitted)(quoting <u>Spiller v. City of Tex. City, Police Dep't</u>, 130 F.3d 162, 167 (5th Cir. 1997)).

Here, Plaintiff identified three theories of county liability: (1) failing to adequately train Defendant Goode; (2) failing to adequately discipline Defendant Goode; and (3) tolerating "a pattern and practice of arresting individuals for failure to identify and other crimes without probable cause or reasonable suspicion."[14]

To succeed on the theory of failure to train, Plaintiff must show that the county failed to train the officer, that the failure to train caused the alleged constitutional violation, and that the failure to train amounted to deliberate indifference. <u>See id.</u> at *7 (quoting <u>Thompson v. Upshur Cty.</u>, 245 F.3d 447, 459 (5th Cir. 2001)). Here, Plaintiff did not in what way Defendant Goode was

---

[14]    Doc. 1, Pl.'s 1st Am. Compl. p. 8.

untrained, much less how that lack of training caused the alleged constitutional violation or how it amounted to deliberate indifference.

To succeed on the theory of failure to discipline, Plaintiff must show, inter alia, that the pattern of lax discipline "must point to the specific violation in question." See Estate of Davis ex rel. McCully v. City of N. Richland Hills, 406 F.3d 375, 383 (5th Cir. 2005). "That is, notice of a pattern of *similar* violations is required." Id. Here, Plaintiff alleged a failure to adequately discipline Defendant Goode for a burglary charge, a DWI charge, and an abuse-of authority-charge. These charges are neither similar to one another nor similar to Defendant Goode's alleged misconduct in this case.

To succeed on the theory that Defendant Fort Bend tolerated a pattern and practice of false arrests or detentions for failure to identify and other crimes, Plaintiff must show that the practice was "so persistent and widespread as to practically have the force of law." Peña, 2018 WL 386661, at *6 (internal quotation marks omitted)(quoting Connick, 563 U.S. at 61). Here, Plaintiff relied on no specific facts other than the incident that formed the basis of her complaint. Such an allegation is "conclusional and utterly devoid of factual enhancements." Id. (internal quotation marks omitted)(quoting Iqbal, 556 U.S. at 678).

Accordingly, the court finds that Plaintiff failed to allege

a county policy or custom.    Defendant Fort Bend should be
dismissed.    Plaintiff is not entitled to another opportunity to
amend because she failed to make any changes to her allegations
against Defendant Fort Bend when she amended in response to its
original motion to dismiss, which identified this very deficiency.

## B.   <u>Defendant Goode's Amended Motion to Dismiss</u>

Defendant Goode argues that the false-arrest claim alleged
pursuant to the Fourteenth Amendment is not a cognizable claim and
that Plaintiff failed to allege facts to support a claim under the
Fourth Amendment.[15]   He further contends that he is entitled to
qualified immunity for any viable constitutional claim.    Finally,
he contends that the state-law claim of false imprisonment should
be dismissed pursuant to several provisions of the Texas Tort
Claims Act.    Plaintiff failed to respond to Defendant Goode's
arguments related to the Fourteenth Amendment and the state-law
claim.[16]   The court finds that Plaintiff abandoned those claims.[17]

---

[15]    Both Defendant Goode and Plaintiff address excessive-force claims in
their briefing, but Plaintiff did not raise a claim of excessive force.  <u>See</u> Doc.
7, Pl.'s 1st Am. Compl.; Doc. 12, Def. Goode's Am. Mot. to Dismiss p. 8; Doc.
15, Pl.'s Resp. to Def. Goode's Mot. to Dismiss p. 11.

[16]    In her responsive brief, Plaintiff did reassert the false-
imprisonment claim but offered no response to Defendant Goode's specific
arguments. Rather, she baldly asserted that her amended complaint stated a claim
of false imprisonment and copied and pasted the portion of her amended complaint
that alleged false imprisonment.  <u>See</u> Doc. 15, Pl.'s Resp. to Def. Goode's Mot.
to Dismiss p. 12.

[17]    Regardless of Plaintiff's abandonment, these claims cannot survive
the motion to dismiss.  The Fourth Amendment, not the Fourteenth Amendment,
protects against false arrest.  The Supreme Court has consistently held that when
a "more definite" provision exists, a constitutional claim must be considered
under that provision, not the more general standard of traditional due process.
<u>See</u> <u>Cty. of Sacramento v. Lewis</u>, 523 U.S. 833, 842 (1998).  Additionally, the

In order to prevail on a claim under Section 1983 against a governmental official, a plaintiff must establish that the defendant deprived the plaintiff of her constitutional rights while acting under the color of state law. Moody v. Farrell, 868 F.3d 348, 351 (5th Cir. 2017). Government officials have qualified immunity from Section 1983 "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When responding to a motion to dismiss, a plaintiff can overcome an assertion of qualified immunity if the factual allegations, viewed "in the light most favorable to the plaintiff," include specific facts that "allow the court to draw the reasonable inference that the defendant is liable for the harm she has alleged and that defeat a qualified immunity defense with equal specificity." Lincoln v. Barnes, 855 F.3d 297, 301 (5th Cir. 2017)(internal alterations omitted).

Plaintiff's false-arrest claim falls within the unreasonable-seizure provision of the Fourth Amendment, which protects "[t]he right of the people to be secure in their persons, houses, papers,

state-law claim should be dismissed pursuant to Texas Tort Claims Act § 101.106(f), which states that if the suit is brought against a government employee for conduct within the general scope of employment and could have been brought against the governmental immunity, the suit is considered to be against the employee in his official capacity only. See Franka v. Velasquez, 332 S.W.3d 367, 379-85 (Tex. 2011).

11

and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.   A warrantless arrest must be supported by "probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). The standard for the existence of probable cause is an objective one requiring that the officer draw a reasonable conclusion from the facts available to him at the time of the arrest. Id.   The critical question when deciding whether qualified immunity protects an officer from false arrest claim, is whether "a reasonable officer could have believed the arrest to be lawful, in light of clearly established law and the information the officer possessed." Babb v. Dorman, 33 F.3d 472, 477 (1994) (internal alterations and quotation marks omitted) (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991)).

These constitutional standards were clearly established at the time of Plaintiff's arrest, which leaves the court only to consider whether Plaintiff pled sufficient facts that Defendant Goode's conduct violated Plaintiff's constitutional right to be free from unreasonable arrests.[18]  The relevant facts are those in Plaintiff's live pleading, not the contradictory facts, the additional facts, and/or the suppositions posed in Defendant Goode's motion.

According to Plaintiff's allegations, the deputies asked her

---

[18]     Plaintiff included the term "reasonable suspicion" in her complaint and discussed investigative stops in her responsive brief. However, she plainly pled that she was arrested, not subjected to an investigative stop.   The applicable standard for arrests is probable cause.

to confirm her identity when she first answered the door, which she did.   Later in the encounter, Defendant Goode asked for physical identification.   Plaintiff responded that her identification card was in the house.   Plaintiff then refused to answer any more questions without an attorney present.   Defendant Goode arrested her for failure to identify herself to a police officer.

Under Texas law, a person commits the offense of failure to identify "if [s]he intentionally refuses to give h[er] name, residence address, or date of birth to a peace officer who has lawfully arrested the person and requested the information."   Tex. Penal Code § 38.02.   Under the facts pled, an arrest under this statute did not fit the circumstances.   Plaintiff confirmed her identity at the onset of the encounter.   When asked for a physical identification, Plaintiff was not under arrest and did not refuse to retrieve her identification card.

As Plaintiff's allegations indicate that Defendant Goode knew that Plaintiff identified herself and that she was not under arrest at the time Defendant Goode asked for physical identification,[19] no objective officer could have reasonably concluded, even mistakenly, that Plaintiff's arrest for failure to identify was lawful at the time Defendant Goode arrested Plaintiff.   Defendant Goode's factual account of the encounter differs vastly from that of Plaintiff. Defendant Goode may reassert the defense on summary judgment, but

---

[19]   The statute does not explicitly require physical identification.   <u>See</u> Tex. Penal Code § 38.02.

13

he is not entitled to dismissal of the false-arrest claim at this juncture.  Cf. Peña, 2018 WL 386661, at *4 ("[The plaintiff's] characterization is belied by the police reports, but on a motion to dismiss, [the plaintiff's] well-pleaded factual allegations enjoy a presumption of truth.").

### IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant Fort Bend's motion be **GRANTED** and Defendant Goode's motion be **GRANTED IN PART AND DENIED IN PART.**  If this Memorandum and Recommendation is adopted, the only remaining claim will be the Fourth Amendment claim of false arrest alleged against Defendant Goode.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 31st day of January, 2018.

14

U.S. MAGISTRATE JUDGE