**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DIVISION OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MONICA VOSS,** | )( | **Civil Action No.: 4:17-cv-1408** |
| | )( | |
| *Plaintiff,* | )( | |
| | )( | |
| **V.** | )( | **JURY TRIAL** |
| | )( | |
| **FORT BEND COUNTY, TEXAS; and** | )( | |
| **GREGORY G. GOODE,** *Individually,* | )( | |
| | )( | |
| *Defendants.* | )( | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT**
**GOODE'S MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF THE COURT:**

NOW COMES Plaintiff MONICA VOSS and submits this Response in Opposition to Defendant GREGORY B. GOODE'S Motion for Summary Judgment and would respectfully show unto the Court the following:

## SUMMARY

Defendant Goode's motion for summary judgment is a disgusting attack on the great character of Monica Voss who adopted K.V. from horrible conditions in Russia and has taken great care of her, as well as two other disabled children and her elderly mother. **Exhibit 1,** paragraphs 2 and 3. False accusation after false accusation after inuendo after inuendo is rebutted by the declaration testimony of Monica Voss…and the *video,* which is inexplicably left out of Goode's summary judgment evidence.

Why it is left out, by design no doubt, is that when you look at the unbiased evidence-the video-it clearly shows Goode lying about what happened just prior to Monica's admitted arrest.[1]

---

[1] The law is clear that you must have probable cause at the time of the arrest, not later. *U.S. v. Corral-Franco*, 848 F.2d 536 (5th Cir. 1988).

There are clear fact issues raised by Monica's summary judgment response proof that there was no legal reason to detain or arrest Monica and certainly not for as long as Defendant Goode did--an hour or more.

## SUMMARY JUDGMENT EVIDENCE

Plaintiff respectfully submits the following summary judgment evidence in opposition to defendant's motion for summary judgment:

Exhibit A— Declaration of Monica Voss

Exhibit B— Video of Incident

## OBJECTION TO FACTS ALLEGED BY DEFENDANTS

Plaintiff objects to defendants' recitation of the facts, all by interested or *paid witnesses, in it's motion for summary judgment insofar as they are in conflict* with Plaintiff's facts asserted herein, declarations and other summary judgment evidence provided and the reasonable inferences in a light most favorable to plaintiff. *Tolan v. Cotton,* 572 U.S. at ___, 13-551 (2014).

## APPLICABLE LEGAL STANDARDS

Summary Judgment Standards

On summary judgment, the inferences to be drawn from the underlying facts contained in the moving party's materials must be viewed in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 1609 (1970) (citing *U.S. v. Diebold, Inc*., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 993 (1962)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Qualified immunity cases illustrate the importance of drawing inferences in favor of the nonmovant, even when a court decides only the clearly-established prong of the standard. *Tolan*

*v. Cotton*, ___ U.S. ___, 134 S. Ct. 1861, 1866, 188 L.Ed.2d 895 (2014). If the evidence shows that a reasonable jury <u>could</u> return a verdict for the non-moving party, then a genuine issue exists. *Anderson*, 477 U.S. at 247-48. A material fact dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. (quoting Smith v. Brenoettsky, 158 F.3d 908, 911 (5th Cir. 1998)); Quorum Health Resources, L.L.C. v. Maverick County Hosp. District, 308 F.3d 451, 458 (5th Cir. 2002).

In deciding whether to grant judgment as a matter of law, a "court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 151 (2000)(emphasis added). When liability is disputed an officer's account will invariably be favorable to himself and the credibility of that account is crucial.  Gooden v. Howard County, Md., 954 F.2d 960, 971 (4th Cir. 1992).  Clearly, here summary judgment cannot rest on the statements of interested and paid witnesses--individual defendant officers, County employees and retained experts--that defendants bring forth.  "Cases that turn crucially on the credibility of witnesses' testimony in particular should not be resolved on summary judgment."  Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999).

The court may not weigh evidence or make credibility determinations when considering a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

> The standard for summary judgment mirrors that for judgment as a matter of law. Thus, the court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence. In reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as evidence supporting the moving party that is uncontradicted and unimpeached. The nonmoving party, however, cannot satisfy

3

his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence.

On summary judgment, all admissible evidence must be construed in favor of the non-Movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co*., 336 F.3d 410, 412-13 (5th Cir. 2003). In other words, courts must "construe all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment." *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005) (internal citations omitted).

Qualified Immunity

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, ___U.S. ___, ___, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)). Specifically, qualified immunity cases illustrate the importance of drawing inferences in favor of the nonmovant, even when a court decides only the clearly-established prong of the standard. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). If the evidence shows that a reasonable jury *could* return a verdict for the non-moving party, then a genuine issue exists. *Anderson*, 477 U.S. at 247-48.

A plaintiff can overcome a qualified immunity defense by showing "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. Al–Kidd*, 563 U.S. 731, 131 S.Ct. 2074, 2080, 179 L.Ed.2d 1149 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002).

4

Defendant argues in its motion he is entitled to summary judgment based on qualified immunity. The defense of qualified immunity protects government officials performing discretionary functions from "liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085, 179 L.Ed.2d 1149 (2011). "When properly applied, it protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (internal quotation marks omitted).

Once asserted, the burden shifts to a plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). A two-step process has traditionally been employed in evaluating the defense of qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). In determining if a defendant is entitled to qualified immunity, the court evaluates whether the facts alleged show the officer's conduct violated a constitutional right, and whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct 808, 172 L.Ed.2d 565 (2009) (citing *Saucier*, 533 U.S. at 201). The court may consider these two prongs in any order. *Id*. at 236.

<u>False Arrest</u>

Goode has admitted he arrested Monica.

On a claim for wrongful arrest, a plaintiff must show he was arrested without probable cause. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir.2001). The Supreme Court has defined "probable cause" as the "facts and circumstances within the officer's knowledge that are sufficient

to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979); *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir.2009).

Police detention constitutes an "arrest," such that it must be accompanied by probable cause, if a reasonable person in the suspect's position would understand the situation to be a restraint on freedom of the kind that the law typically associates with a formal arrest. *U.S. v. Corral-Franco*, 848 F.2d 536, 540 (5th Cir. 1988). The "reasonable person" for these purposes is one "neither guilty of criminal conduct and thus overly apprehensive nor insensitive to the seriousness of the circumstances." *Id.*

Interference with Public Duties

Monica did not interfere with public duties.

***Texas Penal Code § 38.15. Interference With Public Duties***

*(a)  A person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with:*
*(1) a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law;*
*...*
*(b) An offense under this section is a Class B misdemeanor.*
*...*
*(d) It is a defense to prosecution under this section that the interruption, disruption, impediment, or interference alleged consisted of speech only.*

First, the statute explicitly allows speech *even if* it interrupts, disrupts, impedes or interferes, which Monica's did not.

Second, Monica did not "*interrupt, disrupt, impede or otherwise interfere"* as required under the statute. Plaintiff's declaration (**Exhibit 1**) and the video (**Exhibit 2**) raises a fact issue as to whether there was probable cause.

Third, there is a fact issue that, even if, plaintiff interrupts, disrupts, impedes or interferes it was not with *criminal negligence*-the scienter requirement of the statute.

<u>Length of Detentions</u>

In *Freeman v. Gore*, 483 F.3d 404 (5th Cir. 2007), a case with similar facts, the plaintiff was ibn custody for about 30-45 minutes. The Court determined this constituted an arrest. 483 F.3d at 413. In this case, the Court reasoned that a reasonable person in her position would believe she had been restrained to an extent that constituted an arrest. Here, just as in *Freeman*, Monica was detained but for even longer, approximately an hour.

Regarding stops based on reasonable suspicion the Supreme Court has long held that the justifying purpose of a stop constrains its lawful extent. "[T]he Constitution [is] violated [ ] when the detention extend[s] beyond the valid reason for the initial stop." *United States v. Dortch,* 199 F.3d 193, 198 (5th Cir.1999); *Florida v. Royer*, 460 U.S. 491, 500 (1983) ("an investigatory detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop."); *United States v. Shabazz*, 993 F.2d 431, 437 (5th Cir.1993) "We recognize that a detention may be of excessively long duration even though the officers have not completed and continue to pursue investigation of the matters justifying [the stop]."). For example, in the typical case of an automobile stop, a seizure is unjustified in the absence of reasonable suspicion of unlawful activity. Thus, when an officer stops a person based on reasonable suspicion of some crime, the officer may detain that person for only long enough to investigate that crime.   Once the purpose justifying the stop has been served, the detained person must be free to leave.  *United States v. Jones*, 234 F.3d 234, 241 (5th Cir.2000).

Further, the Supreme Court has declared that in assessing whether a detention is too long in duration to be justified as an investigative stop, the court should "examine whether the police

diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." *U.S. v. Sharpe*, 470 U.S. 675, 686, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). *See also U.S. v. Hanson*, 801 F.2d 757 (5th Cir.1986) (holding that the detention did not exceed permissible bounds of an investigatory stop where the officers proceeded expeditiously in their questioning).

## DISCUSSION

The **Exhibit 2** video corroborated by Monica's declaration clearly shows what happened prior to the arrest. Defendant Goode has admitted there was no probable cause for arrest for Failure to ID[2] yet in the video that is why Monica was arrested from Goode's own words. See **Exhibit 2** starting at around 23:19.30. Only in hindsight does Goode make up a story about interference with public duties which Monica disputes in her declaration. **Exhibit 1,** paragraphs 14, 25 and 27.

Probable cause must be determined by the knowledge at the time of the arrest, not after. Furthermore, there was no probable cause that Monica committed any crime as set forth in her declaration. **Exhibit 1.**

There was no credible proof that Monica had committed any crime and certainly not at the time she was arrested.

Monica has never abused K.V. **Exhibit 1,** paragraph 3.

Monica was cooperative at all times. **Exhibit 1,** paragraph 8.

Monica was the one who suggested Goode interview K.V. out of her sight. **Exhibit 1,** paragraph 10.

Deputy Goode was angry with Monica. **Exhibit 1,** paragraph 19.

Monica was in Deputy Goode's custody for around an hour and caused damages. **Exhibit**

---

[2] Suspects only have to state their name and date of birth *after* arrest, not before.

**1,** paragraphs 21 and 22.

Monica disputes Deputy Goode's excuse about a gun. Monica was calm and posed no threat and was not argumentative. **Exhibit 1,** paragraph 25; also watch video at **Exhibit 2.**

Monica states K.V. changed her story and was not credible and Sandy Edwards has been harassing Monica and there is a warrant for her arrest for her interactions with K.V. **Exhibit 1,** paragraph 27.

Monica never interfered with any one putting K.V. in a squad car. **Exhibit 1,** paragraph 34.

McGuigan arrived after Goode and was not there for al interactions between Monica and Goode. **Exhibit 1,** paragraph 36.

Monica's husband was up and aware of the situation so there can be no abandonment and the situation was explained fully. **Exhibit 1,** paragraph 38.

No injuries were on K.V. and Goode's arm chair psychology that suicidal people are abused is without and basis. McGuigan arrived after Goode and was not there for al interactions between Monica and Goode. **Exhibit 1,** paragraph 39.

<u>**CONCLUSION and PRAYER**</u>

There was no reasonable suspicion to detain Monica at all.

There was no probable cause to arrest Monica for failure to identify or other crime.

Even if some limited detention was permissible it did not extend to over an hour.

WHEREFORE, Plaintiff requests that defendant Goode's motion for summary judgment be DENIED and request all other relief in Law and/or Equity that plaintiff shows herself entitled.


                                 Respectfully submitted,
                                  Kallinen Law PLLC

/s/ Randall L. Kallinen
Randall L. Kallinen
State Bar of Texas No. 00790995
U.S. Southern District of Texas Bar No.: 19417
Admitted, Fifth U.S. Circuit Court of Appeals and
U.S. Eastern District of Texas
511 Broadway Street
Houston, Texas 77012
Telephone:     713/320-3785
FAX:              713/893-6737
E-mail:AttorneyKallinen@aol.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that I have served upon all opposing counsel and all pro se parties a true and correct copy of the foregoing on this the 27th day of June 2018, by filing with the ECF System of the United States District Court for the Southern District of Texas.

/s/ Randall L. Kallinen
Randall L. Kallinen